IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01-cr-00020-SRB-1 |
| ) | |
| EUGUENE H. LEATHERS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Eugene Harrison Leathers's *pro se* Motion for Compassionate Release. (Doc. #163.) For the reasons stated below, the motion is GRANTED.

### I. BACKGROUND

In 2002, a jury found Defendant Leathers guilty of one count of felon in possession of a firearm and one count of felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and (e). The Honorable Dean Whipple subsequently sentenced Defendant Leathers to a 337-month term of imprisonment on each count to be served concurrently, as well as concurrently with a sentence imposed in Jackson County, Missouri Circuit Court, followed by five years of supervised release. Defendant Leathers is currently housed in United States Penitentiary ("USP") Hazelton. According to the Government, his expected release date is September 23, 2027.

On November 5, 2020, the Warden at USP Hazelton denied Defendant Leathers's request for compassionate release. On December 3, 2020, Defendant Leathers filed the instant *pro se* motion for compassionate release, stating his "age and multiple, severe, debilitating, chronic, medical conditions . . . create the 'extraordinary and compelling reasons' to warrant relief"

particularly in light of the COVID-19 pandemic. (Doc. #163, p. 1.) Among many other medical conditions, Defendant claims to suffer from severe cardiovascular disease, hypertension, and kidney disease. The Government opposes the motion. On December 7, 2020, this case was transferred to the undersigned.

## II. LEGAL STANDARD

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020). In turn, relief pursuant to § 3582(c)(1)(A) is appropriate if: (1) the exhaustion requirement of the statute has been satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; and (3) the factors set forth in 18 U.S.C.

2

§ 3553(a) support modifying the prison term. *See* 18 U.S.C. § 3582(c)(1)(A); *accord United States v. Smith*, No. CR-07-3038-LTS, 2020 WL 2844222, at *3 (N.D. Iowa June 1, 2020).

As a threshold issue, the Court finds Defendant Leathers exhausted his administrative remedies. Defendant Leathers included in his instant motion a copy of his compassionate release request to the Warden at USP Hazelton. (Doc. #163, p. 21.) Consequently, Defendant Leathers may seek relief directly from this Court.

### III. DISCUSSION

The Government concedes that "[Defendant Leathers's] ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished by [his] chronic medical conditions and sets forth an 'extraordinary and compelling' reason for purposes of 18 U.S.C. § 3582(c)." (Doc. #165, p. 8.) The Court agrees and finds Defendant Leathers has established extraordinary and compelling reasons justifying his release. However, the Government still opposes the motion on the grounds that the § 3553(a) factors do not support release and Defendant Leathers is still a danger to the community. In turn, the Court will address these arguments.

### A. Section 3553(a) Factors

The Court finds that the sentencing factors set forth in § 3553(a) support a sentence modification.[1] While the Government does not specifically address the § 3553(a) factors, the

---

[1] The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3

Government's response does discuss Defendant Leathers's lengthy criminal history. However, the Court finds the other relevant factors weigh in favor of release.

Upon review of the record, the Court finds further incarceration is not needed to reflect the seriousness of Defendant Leathers's crime, promote respect for the law, or provide just punishment for the offense. Nor is further incarceration needed to afford adequate deterrence to criminal conduct or protect the public from further crimes. Defendant Leathers has been incarcerated for nearly two decades and has served a substantial portion of his 337-month sentence. Due to his medical conditions, Defendant Leathers is in constant and severe pain and is confined to either bedrest or a wheelchair. Defendant Leathers also claims, and the Government does not dispute, that he suffered a heart attack in 2015 which left him on life support for seven days. This cardiac event resulted in multiple emergency hospital trips, both before and after it occurred. Defendant Leathers argues these changed circumstances and characteristics, which were not present when the Court first sentenced him, indicate that he is no longer a danger to the community. The Court agrees.

Furthermore, pertinent policy considerations support the Court's conclusion. *See* U.S.S.G. § 1B1.13 app. n.1(B) (explaining extraordinary and compelling reasons for sentence modification exist when "the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical . . . health because of the aging process; and (iii) has served at least 10 years . . . of his or her term of imprisonment"). Finally, Defendant Leathers is subject to a five-

---

(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission ...;]
(5) any pertinent policy statement [issued by the Sentencing Commission ...;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

4

year term of supervised release upon his release from imprisonment, ensuring he will continue to be adequately monitored. Considering all relevant § 3553(a) factors, the Court finds Defendant Leathers's request for compassionate release is warranted.

### B. § 3142(g) Factors

The Court also finds Defendant Leathers no longer poses a danger to the community pursuant to 18 U.S.C. § 3142(g).[2] When considering the nature and circumstances of his offense, his history and characteristics, and the nature and seriousness of the danger posed to the community, the Court finds these factors weigh in favor of a sentence reduction. In opposing his release, the Government focuses on Defendant Leathers's criminal history but does not address his current physical condition which, as previously discussed, significantly reduces the danger Defendant Leathers may pose to any person or community should he be released. Additionally, given Defendant Leathers's age (66), his chance of recidivism is low.[3] For these reasons, the Court finds Defendant Leathers no longer poses a danger to the community.

---

[2] The § 3142(g) factors include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

[3] *See* U. S. Sentencing Comm'n, *The Effects of Aging on Recidivism Among Federal Offenders* (2017), a*vailable* at https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offender*s* (last visited July 27, 2020).

In sum, Defendant Leathers suffers from severe medical conditions which constitute extraordinary and compelling reasons to reduce his sentence. After careful consideration of the relevant § 3553(a) factors and § 3142(g) factors, the Court finds Defendant Leathers's request for release appropriate and hereby grants his motion for compassionate release.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant Eugene H. Leathers's Motion for Compassionate Release (Doc. #163) is GRANTED. Defendant Leathers's term of imprisonment is reduced to time served. The Court will enter an amended judgment separately to reflect Defendant Leathers's amended sentence.

It is **FURTHER ORDERED** that upon his release from BOP custody, Defendant Leathers will begin his five-year term of supervised release as set forth in the December 5, 2002 Judgment. (Doc. #135.)

It is **FURTHER ORDERED** Defendant Leathers's release from BOP custody shall be subject to the following additional special condition:

(1) Allow the BOP 14 days to place Defendant Leathers within isolation to ensure that he does not become infected with COVID-19 before release.

It is **FURTHER ORDERED** that the United States Probation Office shall take all appropriate steps to communicate and facilitate Defendant Leathers's prompt release.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: December 22, 2020